## MALONE v. PIERSON et al.
### No. 5129.

Court of Appeal of Louisiana. Second Circuit.
Feb. 5, 1936.

Rusca & Cunningham, of Natchitoches, for appellants.

Stephens & Gahagan, of Natchitoches, for appellee.

DREW, Judge.

This is a suit brought under Act No. 270 of 1926, commonly known as the Bulk Sales Law.

Petitioner alleged the W's Drug Company, Inc., is indebted unto him in the sum of $317 for services rendered by him as a clerk between the dates of May 19, 1932, and July 6, 1933. He further alleged that J. T. Pierson, Jr., and A. T. Cox purchased from the W's Drug Company, Inc., all the furniture and fixtures owned by said drug company. Petitioner further alleged the sale was not made in the ordinary course of business, but was a bulk sale of all the furniture and fixtures owned by the said drug company.

The only allegations in the petition as to failure to comply with the Bulk Sales Law are contained in articles 3 and 6, which are as follows:

"3. Now shows that neither J. T. Pierson, Jr., nor A. T. Cox, vendees, nor W's Drug Company, Inc., vendor, complied with or attempted to comply with the provisions of Act No. 270 of 1926 of the Louisiana Legislature, commnoly known as the Bulk Sales Law. * * *

"6. That J. T. Pierson, Jr., and A. T. Cox, the vendees, executed their promissory note in the sum of $1500.00, in representation of the purchase price of the furniture and fixtures, bought by them of W's Drug Company, Inc., without first complying with the provisions of Act No. 270 of 1926, and without seeing that any

part of the purchase price should go to petitioner, as a creditor of the vendor, or to any other creditors of the vendor, according to the dignity of their several claims, and that by their failure to so do, they have made themselves liable to your petitioner and all the other creditors of W's Drug Company, Inc., the vendor, as receiver, for the fair value of all the property so transferred to them."

Plaintiff prayed for judgment holding Pierson and Cox liable to all the creditors of the W's Drug Company, Inc., as receivers, for the fair value of all the property transferred to them; that $1,500 be recognized as a fair value of all the property so transferred; and that his claim of $317 be recognized.

To this petition defendants filed an exception of no cause or right of action, which exception was tried and overruled by the lower court. Answer was then filed, reserving all rights under the exception, and the case was tried on its merits, resulting in judgment for plaintiff against Pierson and Cox, as receivers for the creditors of W's Drug Company, Inc., for the amount prayed for. Judgment was likewise rendered in favor of Pierson and Cox and against W's Drug Company, Inc., as warrantor, in a like amount.

The defendants and the warrantor all appealed to this court.

This case was before this court once previously. The minutes of the court then in the record failed to show what was shown by the filings in the record, and, due to this apparent deficiency in the minutes, we remanded the case, with instructions that the minutes be completed. We did this because the minutes showed the exception of no cause or right of action was first tried and overruled, then a rehearing granted, the exception again tried and submitted to the court, but did not show any disposition of it by the court. See decision, 163 So. 773, rendered by this court on the 6th day of November, 1935.

The record has been returned to us in open court by counsel for both plaintiff and defendants, with certain additions made to the minutes by the clerk, and, by agreement and admission in open court, both counsel declared the exception was overruled on rehearing, and we were requested to dispose of the case under that agreement, without further argument.

The defenses set up in the answer and the case on its merits are unnecessary to be discussed here, due to the fact that we are of the opinion that the exception of no cause of action should have been sustained.

Act No. 270 of 1926 provides that all transfers in bulk and otherwise, than in the ordinary course of trade, etc., shall be void as against the creditors of the transferor, unless in conformity with the act. Section 2 of the act provides for the preliminaries to the transfer, and reads as follows:

"(a) That the transferor and the transferee shall, at least ten days before the completion of any such transfer, or the payment of any consideration therefor, make a full and detailed inventory showing the quantity, and, so far as possible with the exercise of reasonable diligence, the cost price to the transferor of each article to be included in the sale.

"(b) That the transferee shall demand of and receive from the transferor, or if the transferor be a corporation, then from the president, vice-president, secretary or managing agent thereof, a written statement sworn to substantially as hereinafter provided, of the names and addresses of all the creditors of the said transferor to whom the said transferor may be indebted, together with the amount of indebtedness due and owing, and to become due and owing by said transferor to each of said creditors; and the transferor shall furnish such statement to the transferee which shall be verified by an oath to the following effect:

"State of Louisiana  ⎱
"Parish of ————  ⎰ ss:

"Before me ———— personally appeared (transferor or agent, as the case may be) who, being by me first duly sworn upon his oath, doth depose and say that the foregoing statement contains the names of all the creditors of the (the name of transferor) ————, together with their addresses, and that the amount set opposite each of their respective names is the amount now due and owing and which shall become due and owing by (transferor) ———— to such creditors, and that there are no creditors holding claims due or which shall become due for or on account of goods, wares, merchandise or fixtures, or equipment used or to be used in the display, manufacture, care or delivery of any goods, wares or merchandise, including movable store and office fixtures, horses, wagons, automobile trucks and other vehicles or other goods and chattels of the transferor's business purchased upon credit or on account of

money borrowed to carry on the business of which said property is a part other than as set forth in said statement, and the facts set out in this affidavit are within the personal knowledge of said affiant.

"————————.

"Sworn and subscribed to before me this —————— day of ——————, 192—.

"————————.

"Title of Officer taking oath.

"(c) That the transferee shall at least ten days before the completion of said transfer or the payment of any consideration therefor, notify personally, or by registered mail, every creditor of the said transferor whose name and address are stated in said list as of which he has knowledge, or can, with reasonable diligence, acquire knowledge, of the terms of the proposed transfer, the consideration to be paid therefor, the time set for the transfer of said property, the terms and conditions of such sale, and a copy of the statement of creditors hereinabove provided for. Provided, however, that any creditor whose name has been omitted from such statement may give written notice of his claim to the transferee and shall, thereafter, be entitled to share equally with the other creditors entitled to the benefits of this Act as to the proceeds of such sale or transfer as are then held by the transferee."

Section 3 provides what is the duty of the transferee as to the transferor's debts. It reads:

"Section 3. That any person to whom any of the property mentioned in Section 1 of this Act shall be so transferred, who shall pay any part of the consideration therefor to such transferor, or who shall execute or deliver to the transferor or, to his order, or to any person for his use, any promissory note or other evidence of indebtedness for said transfer or any part thereof, without first having demanded and received from the said transferor or from his agent the statement provided for in Section 2 (b) of this Act, verified as therein provided, and without paying or seeing to it that the purchase money or other consideration of said transfer is applied to the payment of the bona fide claims of the creditors of the said transferor pro rata according to the dignity of their several claims as shown upon said verified statement, and without first having sent the notices of said transfer and such statement of creditors as provided for in Section 2 (c) of this Act, shall at the suit of any creditor, be held liable to all the creditors of the said transferor as receiver for the fair value of all the property so transferred to him. Provided, however, That if the transferor and his creditors do not agree in writing to a schedule of distribution of the proceeds of said sale, or the transferee or his agent has reason to believe that the transferor has failed either to furnish a list of all of his, her, or its creditors or to furnish a statement of the full amount of the debts due to each creditor, or for any other reason the said transferee or his agent is unable to make proper distribution as herein provided, then the said transferee or his agent shall, within ten days after the consummation of such transfer pay the consideration therefor, less the expenses of the transfer, into the registry of the District Court of the Parish in which the place of business of the transferor is situate, and the said court shall, upon a proceeding for that purpose brought by any party interested, make distribution of said fund to and among the persons legally entitled thereto, and provided further, that no proceeding at law or in equity shall be brought against the transferor to invalidate any such transfer after the expiration of ninety days from the consummation thereof."

■ In article 3 of his petition, above quoted, plaintiff fails to set out in detail any facts to justify the conclusions set forth in said article. It is purely and simply a conclusion of the pleader, and does not meet with the requirements necessary to state a cause of action. In order to state a cause of action, the facts to justify said conclusions must be pleaded.

■ Article 6 of plaintiff's petition, above quoted, is an attempt to comply by allegations with section 3 of the act, but a careful reading of the act discloses that section 3 is dependent upon the previous section 2, which provides the preliminary steps to be taken. If the preliminary steps were taken and the verified statement made by the vendor did not disclose plaintiff as a creditor, then there was no duty encumbent upon the transferee to pay or see that plaintiff was paid, for the reason that this section provides that it is the duty of the transferee to see that the purchase money is paid to or applied to the payment of the bona fide claims of the creditors, as shown upon the verified statement. There are no facts alleged anywhere in plaintiff's petition to show that section 2

of the act, providing for the preliminary steps, was not complied with, or, if it was complied with, that plaintiff was listed as a creditor.

We therefore conclude that the petition fails to disclose a cause of action, and the exception of no cause of action should have been sustained.

The judgment of the lower court is therefore reversed, and the exception of no cause of action is now sustained, and plaintiff's suit dismissed, at his cost.